UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LEO NOLAN,**

    **Plaintiff,**

v.                                                Case No. 6:19-cv-315-Orl-41DCI

**A-R HHC ORLANDO CONVENTION HOTEL, LLC,**

    **Defendant**

_____/

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER/IN CAMERA REVIEW
AND INCORPORATED MEMORNADUM IN SUPPORT**

NOW COMES the Defendant, A-R HHC ORLANDO CONVENTION HOTEL, LLC ("Defendant"), by and through counsel, and files this Motion for Protective Order/In Camera Review, asking this Court to grant a protective order with regard to Defendant's Certificate of Interested Persons and Corporate Disclosure Statement and review same In Camera. In support of its Motion, Defendant states as follows:

**INTRODUCTION**

1.    This is a personal injury case. Plaintiff Leo Nolan ("Plaintiff") has brought this action against Defendant as the result of a slip-and-fall incident that allegedly occurred at Defendant's premises in November 2017.

2.    Plaintiff initiated this litigation with the filing of his Complaint on February 15, 2019. Plaintiff filed his First Amended Complaint on March 1, 2019.

3. There is no reason to believe that Defendant's ownership structure and identity is either relevant or remotely likely to lead to the discovery of relevant information. Plaintiff's claims are not so substantial, nor is this any argument regarding veil piercing that would make same relevant.

4. On March 18, 2019, the Court issued and Order requiring the parties to file a Certificate of Interested Persons and Corporate Disclosure Statement identifying each individual, attorney, or entity that has an interest in the outcome of the present action, as well as identifying entities or individuals that might otherwise be affected by the present litigation.

5. Under the Court's Order, the provided Certificate of Interested Persons and Corporate Disclosure Statement was to be provided by April 1, 2019.

6. Defendants have separately filed a motion for extension of time, asking the Court to extend the deadline for Defendant to files its Certificate of Interested Persons and Corporate Disclosure Statement.

7. Defendants now ask the Court for a protective order, and to review Defendant's disclosures in camera.  Defendant requests that the Court safeguard the privacy and confidentially of any individuals and entities that will be identified by Defendant Certificate of Interested Persons and Corporate Disclosure Statement.  To that end, Defendant asks the Court to perform an in camera review with regard to the Certificate and Statement that Defendant will provide.

## MEMORANDUM IN SUPPORT

8. Generally, filings made in federal court "are presumptively a matter of public record." *Emess Cap., LLC v. Rothstein*, 841 F. Supp. 2d 1251, 1254 (S.D. Fla. 2012).

9. Nonetheless, certain information exchanged before trial – not made in connection with any dispositive motion – "can be restricted upon a showing of good cause." *Id.*

10. That is, "[a] district court may in its discretion enter a protective order shielding discovery materials from public disclosure upon a showing of good cause and when the balance of interests favor[s] entering the order." *Id.*

11. The court has "substantial latitude" in determining whether material should be protected. *Id.* at 1255.

12. More specifically, the ownership structure of the Defendant is complicated with a significant number of persons and entities involved in that structure. Plaintiff has no argument that such will or is implicated by the issues in this suit. On the other hand, the owner and investor in the hotel did not enter into such lawful and confidential arrangements expecting that their private affairs would be disclosed in a suit for which the factual and legal claims are unrelated.

13. Here, Defendant asks the Court – to protect the privacy interests of those persons and entities who will be identified in Defendant's Certificate of Interested Persons and Corporate Disclosure Statement – to review those materials in camera and to issue a protective order preventing the public disclosure or dissemination of that information.

14. No parties will be prejudiced by providing the requested protective order.

15. Plaintiff does not oppose this motion.

16. Defendant's Motion for Protective Order regarding its forthcoming Certificate of Interested Persons and Corporate Disclosure Statement should be granted.

          Respectfully submitted

          */s/ROBERT P. VILECE*
          ROBERT P. VILECE, ESQUIRE
          Florida Bar No.: 0957216
          bob.vilece@zurichna.com

Law Offices of Peter J. Delahunty
495 North Keller Road, Suite 220
Maitland, FL 32751
usz.slorl@zurichna.com
Telephone: 407-659-0700
Attorneys for Defendant A-R HHC Orlando
Convention Hotel, LLC

### 3.01(g) Certificate

Pursuant to Local Rule 3.01(g), counsel for Defendant A-R HHC Orlando Convention Hotel, LLC has communicated with counsel for Plaintiff Leo Nolan, and Plaintiff does not oppose the relief requested herein.

/s/ROBERT P. VILECE

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via the CM/ECF System on March 29, 2019 to: **Jaime T. Halscott, Esq.**, Halscott Megaro, P.A., 1300 North Semoran Blvd., Suite 195, Orlando, FL 32807, jhalscott@halscottmegaro.com (Attorney for Plaintiff).

/s/ROBERT P. VILECE, ESQUIRE
ROBERT P. VILECE, ESQUIRE
Florida Bar No.: 0957216
bob.vilece@zurichna.com
Law Offices of Peter J. Delahunty
495 North Keller Road, Suite 220
Maitland, Florida 32751
usz.slorl@zurichna.com
Telephone: 407-659-0700
Attorneys for Defendants